# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRISTOPHER A. WICKLIFFE and MARK J. HANSON,<br><br>Plaintiffs,<br><br>vs.<br><br>EMC CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:06CV64 DAK |

      This matter is before the court on a partial remand from the Tenth Circuit Court of Appeals for the purpose of allowing this court to rule on issues raised in the supplemental briefing that was ordered by the district court in its May 1, 2009 Order.[1] On April 28, 2010, after two continuances requested by the United States, the court heard oral argument on the issues raised in the supplemental briefing. At the hearing, the United States was represented by Arnold M. Auerhan and Eric A. Overby. Relators were represented by Karra J. Porter and Barton H. Kunz. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. The court has also considered the briefing submitted by the parties subsequent to the hearing. Now being fully advised, the court renders the following Memorandum Decision and Order.

---

[1] *See* Docket Nos. 63, 70.

On March 30, 2009, this court granted the government's "Statement of Interest in Favor of Dismissal for Lack of Subject Matter Jurisdiction," dismissing Relators' action under 31 U.S.C. § 3730(c)(2)(A).[2] On April 16, 2009, the government filed a Motion for Reconsideration, requesting that the court modify the Order so that the action was dismissed "without prejudice" to the United States.[3] On April 17, 2009, the Relators filed a Motion for Hearing and for Leave to File Supplemental Briefing.[4] Then, on April 29, 2009, Relators filed a Notice of Appeal.

On May 1, 2009, without realizing that Relators had filed a Notice of Appeal, the court issued an Order that, among other things, withdrew the Judgment and set a briefing schedule for supplemental briefs. On September 14, 2009, the Tenth Circuit abated the appeal, pending notification by the parties that this court had entered an order disposing of the issue to be addressed in the supplemental briefs ordered by the court in its May 1, 2009 Order.[5]

After the Tenth Circuit abated the appeal, this court set oral argument regarding the supplemental briefing for February 10, 2010. But after two requests for continuances by the government, the argument was not held until April 28, 2010. At the hearing, however, Relators had not yet responded to the government's February 23, 2010 Motion to Dismiss, presumably because they had filed a motion to strike that motion, which was denied by the court

---

[2] *See* Docket # 42.

[3] *See* Docket # 44.

[4] *See* Docket # 46.

[5] *See* Docket # 63.

approximately two weeks prior to the April 28, 2010 hearing.

Then, on June 16, 2010, the court issued an Order indicating that, based on a comment made by Relators' counsel at the April 28, 2010 hearing, the court had thought that the Relators intended to file an opposition memorandum regarding the government's motion to dismiss. Although the time period for filing a response had elapsed, the court provided an opportunity for Relators to respond and for the government to reply.[6]

In their supplemental briefing, the Relators contend that, even if the court dismissed this action under section 3730(c)(2)(A), the court's decision would "not be final as the Court would still be required to resolve the same first-to-file issue already briefed and argued in order to determine Relators' entitlement to a share of the government's recovery."[7] In addition, the Relators argue that dismissals under this section are "with prejudice" as to all parties, including the United States, and thus, it would have a preclusive effect on the first-filed action, citing *Ridenour v. Kaiser-Hill Co., LLC*, 397 F.3d 925, 933, 934 (10th Cir. 2005).[8]

Relators, however are incorrect on both arguments. First, it is unclear why the Relators believe that the court would need to determine the Relators' share of the recovery if the court dismisses the case based on Section 3730(c)(2)(A). Under this section, the action is dismissed at

---

[6] *See* Docket # 81.

[7] *See* Docket # 57 at 2.

[8] *Id*. at 3. Now that the first-filed lawsuit has been resolved, it is unclear why this argument is relevant at this juncture. Moreover, the Relators have failed to explain how a dismissal under § 3730(c)(2)(A) could possibly be a dismissal with prejudice as to the United States when the United States has not asserted any claims–and is attempting to preclude the Relators' attempt to bring the claims on behalf of the United States.

3

the request of the United States (on whose behalf the Relators were bringing the lawsuit), and the Relators are not entitled to any share of the recovery.

Next, the court finds no merit to Relators' assertion that a dismissal under 3730(c)(2)(A) necessarily must be with prejudice to the United States. Relators apparently rely on a word in *Ridenour* that a dismissal under 3730(c)(2)(A) "end[s]" the case.[9] But a case "ends" when all claims against all parties are dismissed – with or without prejudice. Whether the dismissal is with or without prejudice has no impact on whether a case "ends." Thus, the language from *Ridenour* has no bearing on whether the dismissal is with or without prejudice.[10] Relators have cited no authority for the proposition that a dismissal under § 3730(c)(2)(A) must be with prejudice to the government, and the court finds that the dismissal is without prejudice to the United States.

Next, Relators, in their memorandum in opposition to the government's February 23, 2010 Motion to Dismiss, make essentially the same arguments as in their supplemental briefing, but they add that the court should not grant the government's motion to dismiss, particularly without a hearing.[11]

---

[9] *Id*.

[10] The court has been unable to locate any language in *Ridenour* about a dismissal with prejudice. The only language the court has located in *Ridenour* that pertains to a case "ending" is that "[t]he Ninth Circuit has concluded the FCA does not violate the doctrine of separation of powers because the Government retains sufficient control over *qui tam* actions, including the power "albeit somewhat qualified, to **end** *qui tam* litigation." *Ridenour*, 397 F.3d at 934 (quoting *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 754 (9th Cir. 1993) (emphasis in bold added)).

[11] *See* Docket # 82.

4

Again, Relators' argument is unpersuasive. Although there is no automatic right to an evidentiary hearing regarding a Section 3730(c)(2)(A) dismissal, the court notes that it has provided Relators with several opportunities for a hearing. First, in its March 30, 2009 Memorandum Decision and Order relating to the § 3730(c)(2)(A) dismissal, the court stated:

> If Relators believe that they have evidence as to any alleged fraud on the court or if they believe that they were otherwise deprived of an opportunity to be heard in light of this court's ruling, they may request another hearing, setting forth the reasons they believe they are entitled to another hearing.

*See* Docket # 42 at 9 n.5. Citing this language, Relators requested a hearing and supplemental briefing.[12] Even though Relators did not purport to have any evidence of "fraud on the court" or any other situation that would justify an evidentiary hearing under the case law cited by this court in its Memorandum Decision and Order, the court nevertheless permitted supplemental briefing on the § 3730(c)(2)(A) dismissal, held another hearing on the supplemental briefing, and provided Relators with a *sua sponte* extension of time to respond to the government's Motion to Dismiss. Therefore, the court finds that the Relators have been provided ample opportunity to be heard under § 3730(c)(2)(A).

While the court finds no merit to the Relators arguments, the government's changing position on the § 3730(c)(2)(A) issue has added to the complexity of resolving the instant case. The government's position on this issue has evolved over the course of the supplemental briefing, the April 28, 2010 oral argument, and its July 29, 2010 reply memorandum. For example, on June 18, 2009, the government contended that dismissal should not be on the basis

---

[12] *See* Docket # 46.

of 31 U.S.C. § 3730(c)(2)(A) but rather on the basis of the first-to-file rule because, according to the government, the court cannot dismiss the action under 3730(c)(2)(A) unless it has jurisdiction. The government contended that the court did not have jurisdiction under the first-to-file rule.[13] Then, on February 23, 2010, the government explicitly filed a Motion to Dismiss pursuant to 31 U.S.C. § 3730(c)(2)(A).[14] But in that motion, the government argued that the court would first need to find that it had jurisdiction (*i.e.*, the court would have to reject the government's first-to-file argument under 31 U.S.C. § 3730(b)(5)).[15]

Then, on July 29, 2010 (after the April 28, 2010 oral argument), the government filed a reply memorandum in which it argued that the court need not consider the first-to-file rule first because "the Government has exercised its prosecutorial discretion to dismiss the relators' allegations," and "the court need not determine its jurisdiction over a complaint that will not be prosecuted."[16] The government then argued that the requirements of a Section 3730(c)(2)(A) dismissal have been met in this case.

The court agrees with the final position of the United States and finds that the requirements of Section 3730(c)(2)(A) have been satisfied and that the court need not

---

[13] *See* Docket #59 at 3.

[14] *See* Docket # 71. The Relators sought to strike the government's motion, arguing that it was "directly contrary to the Tenth Circuit's remand order . . ." and ignoring the fact that the government now also sought dismissal of the action under § 3730(c)(2)(A). *See* Docket # 72. On April 15, 2010, the court denied the motion to strike. *See* Docket # 77.

[15] *See* Docket # 71.

[16] *See* Docket # 87.

resolve the first-to-file argument prior to making this determination. Therefore, the claims asserted by Relators are DISMISSED with prejudice. The court incorporates into this Memorandum Decision and Order its March 30, 2009 Memorandum Decision and Order, with the modifications that (1) Relators were given a chance to be heard and failed to present any evidence or argument that dismissal under Section 3730(c)(2)(A) is improper; and (2) the dismissal is without prejudice to the United States.

In addition, and to avoid further delay of this case should the Tenth Circuit disagree with this court about the Section 3730(c)(2)(A) dismissal, the court finds, as a separate and alternative ground, that this court lacks subject matter jurisdiction pursuant to the first-to-file rule of the False Claims Act, 31 U.S.C. § 3730(b)(5). Specifically, the court finds that the first-filed Complaint satisfied the heightened pleading requirements applicable to a claim under the False Claims Act, and that the first-filed Complaint was not jurisdictionally barred by the public disclosure rule.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss [Docket # 71] is GRANTED and Relators' claims are DISMISSED with prejudice. The court HEREBY INCORPORATES the Memorandum Decision and Order dated March 30, 2009 with the modifications that (1) the Relators were given ample opportunity to be heard and failed to convince the court that dismissal under Section 3730(c)(2)(A) was improper; and (2) the dismissal is without prejudice to the United States. The Clerk of the Court is directed to enter judgment in favor of the United States and against Relators Christopher A. Wickliffe and

Mark J. Hanson. The dismissal is without prejudice to the government but is with prejudice as to Relators, Mr. Wickliffe and Mr. Hanson. Once the Judgment has been entered, the Clerk of Court is directed to close this case and to notify the Tenth Circuit that the court has ruled on the issues pending before it and that Judgment has been entered.

DATED this 13th day of September, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge